Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1653 | **DATE** | 4/14/00 |
| **CASE TITLE** | John Tyronne Martin v. Ed Fallon | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Court denies Martin's request to proceed without prepayment of the filing fee in both of these actions. If Martin does not pay the $150 filing fee in either or both actions on or before April 27, 2000, this Court will dismiss without prejudice the action or actions that have not been paid for.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | APR 18 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
APR 18 2000

JOHN-TYRONNE MARTIN #2000-001-3850, )
)
        Plaintiff, )
)
v. )    No.  00 C 1653
)
ED FALLON, et al., )
)
        Defendants. )
_____)
)
JOHN-TYRONNE MARTIN #2000-001-3850, )
)
        Plaintiff, )
)
v. )    No.  00 C 1654
)
DEPUTY SHERIFF OSTWICKE, et al., )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

John Tyronne Martin ("Martin"), whom this Court has remembered from prior experience as being a repeat litigant, has recently sought to file these two actions without prepayment of the filing fee. Because this Court recalled having had to deal with more than one lawsuit brought by Martin while he was (as he is now) a prisoner, it requested information from this District Court's Staff Attorney's Office as to all earlier actions by Martin of which that office had a record. Then, because the resulting report reflected a large number of cases dating as far

back as the middle 1980s, this Court found it necessary to request the retrieval of a number of Martin's disposed-of case files from records storage.

That last request has not been complied with fully (at least three case files--two from 1985 and one from 1989--are still missing), but enough is disclosed by the files that have been retrieved to establish that Martin's days of free entry to the federal litigation system are barred by 28 U.S.C. §1915(g) ("Section 1915(g)," the so-called "three strikes" provision[1]). This opinion will therefore identify a set of prior strikes that certainly support the statutory bar, although that may not be fully exhaustive as to Martin's accumulated strikes because this Court has been unable to scrutinize Martin's entire litigation history.

First, <u>Martin v. Davies</u>, No. 87 C 8976 was dismissed by this Court's then colleague Honorable Nicholas Bua for failure to state claims upon which relief could be granted (694 F.Supp. 528 (N.D. Ill. 1988)). That dismissal was affirmed at 917 F.2d 336 (7th Cir. 1990). Under Section 1915(g) each of those actions constitutes a strike.

---

[1] To avoid awkward usage, the colloquial term "strike" will be used hereafter without quotation marks.

2

Next, Martin v. Barr, No. 89 C 5062 was dismissed by this Court's colleague Honorable Paul Plunkett on December 20, 1989 because the face of the Complaint disclosed that it was time-barred under the statute of limitations (an essential equivalent of the failure to state a claim upon which relief may be granted). That dismissal was also affirmed, this time by unpublished order of the Court of Appeals (in its Dkt. No. 90-2033) issued April 18, 1991. Again each of those dismissals constitutes a strike.

Then Martin v. Thompson, No. 89 C 6492 was an action sought by Martin to be removed from the state court system (where it was then pending on appeal in the Illinois Appellate Court for the First District). This Court promptly remanded the case to the Illinois Appellate Court for lack of subject matter jurisdiction. That action could just as well have been simply dismissed on that jurisdiction ground, but this Court's August 31, 1989 memorandum opinion and order explained its reasons for following the course of remand (including "the advantage of providing a direct notification to the Appellate Court that no federal court is interfering with its jurisdiction over the case on appeal"). This time Martin's attempted appeal was dismissed by our Court of Appeals on March 28, 1991 because of his failure to pay the

3

required docketing fee. Under those circumstances this Court's dismissal order would appear to qualify as a strike, but the Court of Appeals' dismissal would not.

Finally for present purposes, Martin v. Thompson, No. 89 C 6858 was dismissed by this Court's colleague Honorable Charles Kocoras, and that dismissal was then summarily affirmed by the Court of Appeals in a January 25, 1991 order (Dkt. No. 90-2403). Because the record center has not transmitted to this Court (as it did with the other cases referred to in this opinion) the portion of the case file that contained the trial judge's order, this Court has been unable to confirm whether or not either or both of those dismissals constituted a strike or strikes. It is however noteworthy (1) that the targeted defendants (including then Governor James Thompson) were of the same stripe that this Court dealt with in Case No. 89 C 6492 and (2) that the printed docket reflects that Judge Kocoras' May 25, 1990 dismissal also covered a purported removal petition, so that the same analysis just stated as to Case No. 89 C 6492 might very well be applicable to this action as well.

There is however no need to go beyond the third strike to call Section 1915(g) into play. This Court denies Martin's request to proceed without prepayment of the filing fee in both

4

of these actions. If Martin does not pay the $150 filing fee in either or both actions on or before April 27, 2000, this Court will dismiss without prejudice the action or actions that have not been paid for.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: April 14, 2000