Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1653 | **DATE** | 7/18/2000 |
| **CASE TITLE** | John-Tyronne Martin #2000-001-3850 vs. Ed Fallon, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Martin's motion to declare 28 USC 1915(g) unconstitututional is denied. (6-1) And Martin is further advised that any comparable motion that might be filed in his closed Case No. 00 C 1654 (in which the order of dismissal was docketed on May 2, 2000) would be met with a like ruling.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 20 2000 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/19/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN-TYRONNE MARTIN #2000-001-3850, )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )   No. 00 C 1653
                                    )
ED FALLON, et al.,                  )
                                    )
                    Defendants.     )

MEMORANDUM OPINION AND ORDER

DOCKETED
JUL 2 0 2000

Together with his notice of a change of address from the Cook County Jail to Vandalia Correctional Center, which has been filed both in this terminated action and in another contemporaneously terminated lawsuit (<u>Martin v. Ostwicke</u>, Case No. 00 C 1654), in this action alone John-Tyronne Martin ("Martin") has just filed a handwritten document captioned "Motion To Declare 28 U.S.C. §1915(g) Unconstitutional." Even apart from any substantive deficiencies in Martin's constitutional arguments, his motion is at least questionable because--having tendered the motion long after the limited time frame permitted by Fed. R. Civ. P. ("Rule") 59(e) to alter or amend the judgment of dismissal that was docketed on May 1, 2000--Martin is limited to seeking relief to the grounds specified in Rule 60(b). Although Rule 60(b)(4) does provide for relief where a judgment is "void," there is a serious question whether a dismissal entered on the strength of an existing statute that might perhaps be declared unconstitutional at some

later date fits the definition of "void" rather than "voidable."

But any parsing of that distinction is unnecessary to the resolution of Martin's current motion, for he loses on his substantive challenge. It was perfectly legitimate for Congress to determine that any person in custody who has demonstrated himself or herself to be manipulating the justice system by getting a free ride for repeated filings that constitute "strikes" as defined in 28 U.S.C. §1915(g) is not to be permitted to continue that course of conduct. And Congress has also been rational in creating an exception for such claims brought by persons in custody who are "under imminent danger of serious physical injury."

Accordingly Martin's motion is denied. And Martin is further advised that any comparable motion that might be filed in his closed Case No. 00 C 1654 (in which the order of dismissal was docketed on May 2, 2000) would be met with a like ruling.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: July 18, 2000

2